Dear Mr. Massey,
The Attorney General is in receipt of a request for an opinion, wherein you ask the following questions:
You have submitted eighteen (18) questions as to whether certainactivities of appraisers employed by the Commissioners of the Land Officewould constitute violations of the ethics provisions of Title 74 O.S.1404 (1971) and the amendment to Title 64 O.S. 61 (1971) covering stateand Department employees.
The Commissioners of the Land Office are authorized to appoint seven (7) appraisers as full-time salaried employees under the Merit System for the purpose of making appraisements for loans and to assist in a collection of loans and interest thereon and the rents from agricultural and grazing lands belonging to the Department, and such other duties as may be assigned to them by the Secretary of the Commission, who shall direct in each case, their services. These fieldmen appraisers for the Commissioners of the Land Office reside in various parts of the State of Oklahoma but are not provided offices by the State of Oklahoma. These fieldmen have been permitted to engage in other business or occupations in addition to their duties with the Department, and the Department is authorized to pay part of their office expenses and to furnish their offices and provide telephones so long as such equipment and telephones are used strictly for state purposes. There are no restrictions on these employees but the duties assigned to them by the Secretary of the Commission are to take priority and be accomplished as expeditiously as possible.
Fieldmen for the Land Office are under the directions of the Secretary to the Commissioner of the Land Office and may work at his discretion subject to 74 O.S. 1404 (1968) which prohibits any State employee from accepting outside employment which might impair the employee's efficiency in his State position. Fieldmen may be furnished equipment and telephones to operate their job out of their home, so long as such equipment and telephones are used strictly for State purposes. Opinion of the Attorney General No. 69-281.
The statutes set out below cover the duties and any acts prohibited as they apply to state employees as shown in 64 O.S. 61 (1971):
 "The appraiser for the Commissioners of the Land Office shall not appraise any land for loan purposes until after the application for the loan, together with the required fees have been received and filed in the Land Office. It shall be his duty in appraising and to personally inspect and go over each and every subdivision of every tract offered as security for the loan. And the said appraiser shall not at any time disclose to the applicant his valuation placed upon the land until after his appraisement is filed with the Commissioners of the Land Office."
Title 74 O.S. 1404 (1971) further directs that:
No state employee shall:
 "(a) Directly or indirectly accept any compensation, gift, loan, entertainment, favor, or service given for the purpose of influencing such employee in the discharge of his official duties.
 Provided, however, that this section shall not apply to bona fide campaign contributions;
 "(b) Use his official position to secure special privileges or exemptions for himself or others, except as may be provided by law;
 "(c) Disclose confidential information acquired by reason of his official position to any person, group, or others not entitled to receive such confidential information, nor shall he use such information for his personal gain or benefit;
 "(d) Sell or cause to be sold either as an individual or through any business enterprise in which he holds a substantial financial interest, goods or services to any state agency or to any business entity licensed by or regulated by the state agency, except as provided in Section 5(a) of this Act; "(e) Receive any compensation that would impair his independence of judgment, for his services as an officer or employee of any state agency, from any source other than the State of Oklahoma, unless otherwise provided by law; or
 "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties."
Enrolled House Bill No. 1113, effective October 1, 1979, amends Title 64 O.S. 61 (1978) as follows:
 "SECTION 2. 64 O.S. 61 (1971), is amended to read as follows:
 "64 O.S. 61. A. The appraiser for the Commissioners of the Land Office shall not appraise any land for loan purposes until after the application for the loan, together with the required fees have been received and filed in the Land Office. It shall be his duty in appraising land to personally inspect and go over each and every subdivision of every tract offered as security for the loan. The appraiser shall not at any time disclose to the applicant his valuation placed upon the land until after his appraisement is filed with the Commissioners of the Land Office.
 "B. No appraiser for the Commissioners of the Land Office shall:
 "1. Directly or indirectly solicit or accept any compensation, gift, loan, entertainment, favor or service given for the purpose of influencing such appraiser in the discharge of his official duties;
 "2. Use his official position to solicit or secure special privileges or exemptions for himself or others, except as may be provided by law;
 "3. Disclose or offer to disclose confidential information acquired by reason of his official position to any person, group or others not entitled to receive such confidential information, nor shall he use such information for his personal gain or benefit;
 "4. Receive or solicit any compensation that would impair his independence of judgment for his services as an appraiser for the Commissioners of the Land Office, from any source other than the Commissioners, unless otherwise provided by law; or
 "5. Accept or solicit other employment which would impair his efficiency or independence of judgment in the performance of his public duties."
Executive Order 7873 filed January 25, 1960, places the Office of Commissioners of the Land Office under the merit system of personnel administration prescribed by the Merit System of Personnel Administration Act.
Rule No. 1625 of the Merit System of Personnel Administration provides that:
"CONDUCT OF CLASSIFIED EMPLOYEES.
 Every classified employee shall fulfill to the best of his or her ability the duties of the office or position conferred upon the employee and shall prove himself or herself in personal behavior, inside and outside, the worth of the esteem which the office or position requires. In performing official activities the classified employee shall pursue the common good, and, not only be impartial, but so act as neither to endanger his or her impartiality nor to give occasion for distrust of his or her impartiality.
 "A classified employee shall not engage in any employment, activity or enterprise which has been determined to be inconsistent, incompatible, or in conflict with his or her duties as a classified employee or with the duties, functions or responsibilities of the Appointing Authority by which the person is employed.
 "Each Appointing Authority shall determine and prescribe those activities which, for employees under its jurisdiction, will be considered inconsistent, incompatible or in conflict with their duties as classified employees. In making this determination, the Appointing Authority shall give consideration to employment, activity or enterprise which: (a) involves the use for private gain or advantage of state time, facilities, equipment and supplies; or, the badge, uniform, prestige or influence of one's state office or employment, or (b) involves receipt or acceptance by the classified employee of any money or other consideration from anyone, other than the state, for the performance of an act which the classified employee would be required or expected to render in the regular course or hours of state employment or as a part of his or her duties as a state classified employee, (c) involves the performance of an act in other than his or her capacity as a state classified employee which act may later be subject directly or indirectly to the control, inspection, review, audit or enforcement by such classified employee or the agency by which the person is employed.
 "Each classified employee shall during his or her hours of duty be subject to such other laws, rules and regulations as pertain thereto, devote full time, attention and efforts to his or her office or employment."
The Legislature has adopted a general code of ethics for State officials and employees in 74 O.S. 1401[74-1401] et seq., (1971). Classified employees under the Merit System of Personnel Administration are subject to the code of conduct as found in Rule No. 1625. The Legislature further defined "prohibited activities" of appraisers for the Commissioners of the Land Office when they amended 64 O.S. 61 (1978). Where there are general and more restrictive codes covering the same class of employee then the more stringent code will apply.
It is, therefore, the official opinion of the Attorney Generalthat your questions should be answered as follows:
 Appraisers of the Commissioners of the Land Office, also beingclassified employees under Oklahoma Merit System of PersonnelAdministration, may not engage in other businesses or occupations whichconflict directly with their official duties as appraisers for theCommissioners of the Land Office. Any violation of the rules would be aquestion of fact to be determined at a hearing on each incident involvingan employee of the department.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
VICTOR G. HILL, JR., ASSISTANT ATTORNEY GENERAL